In the Matter of the Estate of HENRY BOESENBERG, Deceased.*
BETTY BOESENBERG, Appellant; GEORGE FREITAG, as Executor and Sole Legatee, Respondent.

First Department, January 29, 1943.

*James R. Lyttle* for appellant.

*Edward E. Bianco* of counsel (*P. Raymond Sirignano* with him on the brief), for respondent.

---

* Revg. 179 Misc. 3.

*Per Curiam.* We deem that it was proper for the Surrogate to receive in evidence the letter (respondent's Exhibit 2) for the purpose of establishing an offer by the deceased husband to resume marital relations with his wife. If the Surrogate construed the letter to contain such an offer, the failure of the wife to accept reconciliation might be given due weight on the issue of abandonment. However, it was improper for the Surrogate to consider the self-serving declarations as to past events contained in the letter as establishing the matters therein set forth bearing on the issue of an alleged prior abandonment. A like ruling would apply as to the probative value of the self-serving declarations by deceased in his last will.

Respondent having offered in evidence the letter referred to, thereby waived the provisions of section 347 of the Civil Practice Act as to testimony by petitioner concerning her alleged failure to accept the offer of reconciliation.

The self-serving declarations bore directly on the closely contested issue of abandonment, and we are unable to say that undue weight was not ascribed to them.

The decree should be reversed and a new trial ordered, with costs to the appellant to abide the event, payable out of the estate.

TOWNLEY, UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Decree unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, payable out of the estate.